**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAISHAWN ROWAN | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 23 CV 7033 |
| | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Manish S. Shah |
| CARROLL, J.R., STAR #11252, | ) | |
| | ) | |
| CHICAGO POLICE OFFICER | ) | |
| CAPOUCH, H.W., STAR # 4523, | ) | |
| | ) | |
| CHICAGO POLICE OFFICER | ) | |
| CROSS, B.M., STAR #18062, | ) | |
| | ) | |
| CHICAGO POLICE OFFICER | ) | |
| KOZLOWSKI, M.T, STAR #13825, | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, DAISHAWN ROWAN, (hereinafter, "Plaintiff"), by and through his attorneys,

The Thiel Law Group, P.C., complain of Defendants Chicago Police Officer Carroll, J.R, Star

#11252, Chicago Police Officer Capouch, H.W., Star #4523, Chicago Police Officer Cross, B.M.,

Star #18062 and Chicago Police Officer Kozlowski, M.T. Star #13825 (hereinafter, "Defendant

Officers") and the City of Chicago, a municipal corporation, states the following:

**CAUSE OF ACTION**

1. This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, the Fourth
   Amendment to the United States Constitution, and under the laws of the state of Illinois,
   against the City of Chicago and all of the Defendant Officers.

2. On February 26, 2022, all of the Defendant Officers unlawfully and without justification arrested the Plaintiff.

3. As a direct and proximate consequence of said conduct of all of the Defendant Officers, Plaintiff suffered violations of his constitutional rights, fear, pain and injury, deprivation of his liberty and the taking of his person as well as emotional, psychological and mental anguish, embarrassment, and humiliation, exposure to public scandal and disgrace, loss of employment and employment opportunities and caused him to incur various expenses, including but not limited to attorneys' fees and other injuries.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the united States Constitution; and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the all of the Defendants and committed under color of state law.

5. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district. Furthermore, the Plaintiff resides in this judicial district, the Defendant, City of Chicago, is a municipal corporation located here and the Defendant Officers are employed in this judicial district.

## PARTIES

7. The Plaintiff, Daishawn Rowan, is a United States citizen and resident of the State of Illinois, County of Cook.

8. At all relevant times herein, all of the Defendant Officers were employed by the City of Chicago as sworn police officers. They are each being sued in their individual capacities. At the time of the incident in this Complaint, all of the Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of state law.

9. At all relevant times herein, Defendant, City of Chicago, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of all Defendants.

## BACKGROUND

10. On February 26, 2022, the Plaintiff was arrested by multiple Chicago Police Officers for Aggravated Unlawful Use of a Weapon at approximately 9:27 pm. The arrest occurred at or near the location of 10226 S. Yates Ave., Chicago, Illinois 60617.

11. Plaintiff was pulled over by Officers Capouch and Kozlowski for allegedly failing to stop at a stop sign at 10058 S. Yates Ave., Chicago, Illinois 60617.

12. While effectuating the stop, Officers Capouch and Kozlowski also allegedly noticed that the Plaintiff's license plates were expired.

13. Defendant Officers Capouch and Kozlowski claim to have seen the Plaintiff moving aggressively within the cabin of the vehicle.

14. Defendant Officers Capouch and Kozlowski claim to have seen the Plaintiff lean over to the front passenger side of the vehicle and then place what they simultaneously describe as a "black object" and "handgun" behind the passenger seat.

15. However, the windows on the Plaintiff's car were heavily tinted and the car was covered with salt marks obstructing the Defendant Officers', Capouch's and Kozlowski's, ability to see within the cabin.

16. Body camera footage shows that the Defendant Officers, Capouch and Kozlowski, did not approach the vehicle in a manner that would be expected based on their "after the fact" claimed observations of a "black object" and/or "handgun," which is indicative of the Defendant Officers not actually making the claimed observations.

17. As Defendant Officers, Capouch and Kozlowski approached the Plaintiff's car, he rolled down his windows and placed his hands outside of the vehicle.

18. The Plaintiff had his dog in the rear of the vehicle, and explained to the Defendant Officers, Capouch and Kozlowski, that any movement they may have seen was the Plaintiff trying to calm the dog down.

19. The Defendant Officers, Capouch and Kozlowski, immediately ordered the Plaintiff out of his vehicle and began interrogating him.

20. The Plaintiff almost immediately informed the Defendant Officers, Capouch and Kozlowski, that he had a firearm in his bag, located in the back seat, separate from the magazine, which was located in the glove box, and that he had a valid Illinois FOID card.

21. The Defendant Officers, Capouch and Kozlowski, then immediately placed the Plaintiff's hands behind his back and handcuffed him.

22. The Plaintiff informed the Defendant Officers, Capouch and Kozlowski, that he had a valid driver's license and insurance.

23. The Defendant Officers, Capouch and Kozlowski then searched the Plaintiff's vehicle and recovered an unloaded firearm from within a "Glock Box" carrying case which was inside of a backpack in the rear passenger area of the vehicle. A loaded magazine was recovered from the glove box.

24. The Defendant Officers, Capouch and Kozlowski, had no probable cause for the search of the Plaintiff's car.

25. At no point before or during the police interaction did the Plaintiff engage in conduct that would have given the Defendant Police Officers, Capouch and Kozlowski, reasonable articulable suspicion or probable cause to search his vehicle or his person or prolong the traffic stop.

26. After the illegal seizure and search, the Defendant Officers, Capouch and Kozlowski, then told the Plaintiff that he was under arrest, but initially refused to inform the Plaintiff why.

27. Defendant Officers, Carroll and Cross, arrived on the scene approximately 5 minutes after the initial stop.

28. The Plaintiff made repeated complaints that he hadn't done anything wrong in front of all Defendant Officers, including Carroll and Cross.

29. The Plaintiff informed all Defendant Officers, including Carroll and Cross, that he was legally transporting a firearm that was unloaded and enclosed in a case, and that he possessed a valid Firearm Owners Identification Card.

30. After multiple inquiries by the Plaintiff, the Defendant Officers began yelling at the handcuffed Plaintiff to get in the back of a police car because he was under arrest for Aggravated "UUW," but the Defendant Officers refused to explain how the Plaintiff's actions of transporting his firearm as a valid Illinois FOID card holder, encased and unloaded were in violation of the law.

31. Defendant Officers, Carroll and Cross took custody of the Defendant and transported him to the police station.

32. Finally, while being transported to the station, the Defendant Officer Carroll began yelling at the Plaintiff multiple times that he "can't transport a gun unless he's at work [as a security guard];" he "can't transport shit." "You got a gun in your car, it doesn't matter [if it's not loaded and separated from the ammunition]." "It don't matter, it don't matter, it don't matter…it's accessible…the Officers are entirely correct about that." Defendant Officer Carroll further stated that they have seen the Defendant hundreds of times "with all of his hooptie driving around with 'problems.'" The Defendant Officer Carroll incorrectly told the Plaintiff that "the [gun] should be at home."

33. These statements are false, and the Defendant Officer Carroll knew they were false when they made them. Their only purpose was to confuse and humiliate the Plaintiff and cause him distress.

34. Defendant Officer, Cross neither said, nor did anything to contradict Defendant Officer's Carroll's false statements or prevent the unlawful seizure and false arrest of Plaintiff.

35. Defendant Officers Carroll and Cross neither said, nor did anything to contradict, prevent or ameliorate Defendant Officers' Capouch's and Kozlowski's, unlawful search, unlawful seizure and unlawful false arrest of Plaintiff.

36. All four Defendant Officers unlawfully seized the Plaintiff; Capouch and Kozlowski unlawfully searched Plaintiff's vehicle; All four Defendant Officers falsely arrested the plaintiff; All four Defendant Officers submitted body worn camera footage and statements to prosecutors in furtherance of criminal proceedings against the Plaintiff.

37. The Plaintiff was held in custody until the following day when he was released on Bond.

38. The Plaintiff then spent the next 17 months defending himself in the judicial system. He was acquitted of the false charge of Aggravated Unlawful Use of a Weapon after trial on July 7, 2023.

39. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiff suffered the following injuries and damages:

    a. Violations of his constitutional rights;

    b. Fear, pain and injury;

    c. Deprivation of liberty;

    d. Emotional, psychological and mental anguish;

    e. Embarrassment and humiliation;

    f. Exposure to public scandal and disgrace;

    g. Loss of employment and employment opportunities;

    h. Various expenses, including, but not limited to, attorneys' fees.

40. At all relevant times, all Defendant Officers were acting under color of State law and under color of authority as police officers, employees, and agents or servants of the City of Chicago, Illinois.

## COUNT I

### 42 U.S.C. §1983 – Unlawful False Arrest/Unlawful Seizure/Unlawful Search in Violation Of The Fourth Amendment
### (Against Defendant Officers Capouch and Kozlowski)

41. Each paragraph of this Complaint is incorporated as restated fully herein.

42. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable search and seizure, unlawful searches, and false arrests.

43. Any reasonable police officer knew or should have known of these rights at the time of the complained of conducted as they were clearly established at that time.

44. Defendant Officers' Capouch's and Kozlowski's actions as described herein, were objectively unreasonable considering the facts and circumstances confronting them and were taken intentionally and with willful and wanton indifference to the constitutional rights of the Plaintiff.

45. Defendant Officers' Capouch's and Kozlowski's actions, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

46. Defendant Officers' Capouch's and Kozlowski's actions of searching Plaintiff's vehicle without probable cause or reasonable articulable suspicion, and seizing the Plaintiff by prolonging the traffic stop and arresting the Plaintiff, all constituted an unreasonable seizure and search lacking in probable cause and thereby unreasonably restraining the Plaintiff in his freedom.

47. As a direct and proximate consequence of said conduct of the Defendant Officers, Capouch and Kozlowski, Plaintiff suffered violations of his constitutional rights, fear, pain and injury, as well as emotional, psychological and mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, loss of employment and employment opportunities and caused him to incur various expenses, including but not limited to attorneys' fees and other injuries.

## COUNT II

**42 U.S.C. § 1983 – False Arrest/Unlawful Seizure/Failure to Intervene**
**(Against Defendant Officers Carroll and Cross)**

48. Each paragraph of this Complaint is incorporated as if restated fully herein.

49. During the constitutional violations as described in this complaint, Defendant Officers Carroll and Cross stood by without intervening to prevent the misconduct and actively participated in the unlawful seizure and false arrest of the Plaintiff.

50. The misconduct described in this Count was objectively unreasonable and undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

51. Defendant Officers Carroll and Cross had a reasonable opportunity to prevent this harm but failed to do so.

52. When they continued the seizure of the plaintiff, Defendant Officers Carroll and Cross knew they were arresting an individual who was transporting a firearm that wasn't loaded, and that individual had a valid FOID card because the Plaintiff informed all of them of these facts.

53. Defendant Officers Carroll and Cross observed that the firearm was in a firearm carrying box (Glock gun box).

54. Defendant Officers Carroll and Cross knew that the gun and Glock gun Box "was in a bag" (inside another container) because Defendant Officer, Kozlowski explained to the other three Defendant Officers that's where he found the Glock Box.

55. Despite Defendant Officers Carroll and Cross knowing that the Plaintiff was lawfully transporting his firearm under Illinois law, neither Officer Carroll, nor Officer Cross did anything to intervene and prevent the unlawful seizure, and unlawful false arrest of the Plaintiff by Defendant Officers Capouch and Kozlowski. Instead, they participated and furthered the unlawful seizure, and unlawful false arrest of the Plaintiff by continuing to transport him in handcuffs to the police station.

56. Despite Defendant Officers Carroll and Cross knowing that the Plaintiff was lawfully transporting his firearm under Illinois law, Officer Carroll made multiple false statements regarding Illinois law to Plaintiff falsely insinuating that the unlawful seizure, unlawful search and false arrest were proper and Officer Cross did not say or do anything to contradict those statements or to intervene and prevent the unlawful seizure, and unlawful false arrest of the Plaintiff.

57. As a direct and proximate consequence of said conduct of the Defendant Officers, Carrol and Cross, Plaintiff suffered violations of his constitutional rights, fear, pain and injury, as well as emotional, psychological and mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, loss of employment and employment opportunities and caused him to incur various expenses, including but not limited to attorneys' fees and other injuries.

## COUNT III

### 42 U.S.C. § 1983 – Malicious Prosecution (Against Defendant Officers)

58. Each paragraph of this Complaint is incorporated as if restated fully herein.

59. After the arrest, Defendant Officers Carroll and Cross falsely accused the Plaintiff of criminal activity knowing those accusations to be without genuine probable cause.

60. Defendant Officer Carroll clearly states those false accusations on body worn camera and Defendant Officer Cross acquiesces by his silence.

61. Defendant Officer's Carroll's false statements were designed to elicit a response from the Plaintiff that could be used against him in criminal proceedings.

62. After the arrest, both Defendant Officers Carroll and Cross submitted body worn camera footage and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

63. After the arrest, Defendant Officers Capouch and Kozlowski contacted the Cook County State's Attorney's Felony Review Unit and accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause.

64. After the arrest, Defendant Officers Capouch and Kozlowski attempted to bolster their false claims by authoring and submitting false reports indicating that they saw the Plaintiff with a dark object/gun in his hands.

65. After the arrest, Defendant Officers Capouch and Kozlowski also interrogated the Plaintiff with the intention of obtaining statements to use against him in criminal proceedings.

66. After the arrest, Defendant Officers' Capouch's and Kozlowski's actions were successful in instituting judicial proceedings against the Plaintiff and felony charges against the Plaintiff were approved by the Cook County State's Attorney's Felony Review Unit.

67. After the arrest, on February 26, 2022, Defendant Officer Kozlowski signed a felony complaint, under oath, charging the Plaintiff with Aggravated Unlawful Use of a Weapon and falsely stating that the Plaintiff possessed on his person a pistol that was loaded, uncased and immediately accessible. This complaint was filed on February 27, 2022 thereby instituting judicial proceedings against the Plaintiff.

68. After the arrest, Defendant Officers Capouch and Kozlowski then maintained the judicial proceedings against the plaintiff by falsely testifying before the Preliminary Hearing Judge and during trial and presenting false statements to prosecutors when preparing for those proceedings and for that testimony.

69. After the arrest, Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

70. As described more fully above, Defendant Officers, while acting individually and jointly, deprived Plaintiff of his constitutional rights by deliberately making false statements to prosecutors, filing false police reports and testifying falsely.

71. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment and criminal case.

72. At any time from the date of the Plaintiff's arrest on February 26, 2022 until his acquittal after trial on July 7, 2023, any one of the Defendant Officers had the ability to inform the prosecution of the improper prosecution and none of them did so.

73. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

74. As a direct and proximate consequence of said conduct of the Defendant Officers, Plaintiff suffered violations of his constitutional rights, fear, pain and injury, as well as emotional, psychological and mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, loss of employment and employment opportunities and caused him to incur various expenses, including but not limited to attorneys' fees and other injuries.

## COUNT IV

**State Law Claim – Malicious Prosecution (Against Defendant Officers)**

75. Each paragraph of this Complaint is incorporated as if restated fully herein.

76. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and maintained maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

77. The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause.

78. The Defendant Officers' accusations were not intended to bring the accused to justice because they knew he was not violating Illinois law while he was legally transporting his firearm cased and unloaded while possessing a valid Illinois FOID card.

79. As described more fully above, Defendant Officers, while acting individually and jointly, deprived Plaintiff of his constitutional rights by deliberately making false statements to prosecutors, filing false police reports and testifying falsely.

80. The misconduct in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

81. As a direct and proximate consequence of said conduct of the Defendant Officers, Plaintiff suffered violations of his constitutional rights, fear, pain and injury, as well as emotional, psychological and mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, loss of employment and employment opportunities and caused him to incur various expenses, including but not limited to attorneys' fees and other injuries.

## COUNT V

### Indemnification Pursuant to 745 ILCS 10/9-102

82. Each paragraph of this Complaint is incorporated as if restated fully herein.

83. The misconduct of all Defendants was committed in the scope of their employment with the Defendant City of Chicago.

84. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages with respect to all counts.

B. Punitive damages with respect to all Defendant Officers in their individual capacities.

C. Attorney's fees pursuant to 42 U.S.C. § 1988 – award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,
The Thiel Law Group, P.C.,

By:    <u>/s/ Keith E. Thiel</u>
       Keith E. Thiel
       Attorney for Plaintiff

The Thiel Law Group, P.C.
Attorney for Plaintiff
211 S. Clark St. #1975
Chicago, Illinois 60690
Tel:    (773) 732-6297
Fax:    (773) 305-7999
Attorney No.:  6284128
Keith@Thiel.law